Argued July 23, affirmed July 30, 1926.

# O. W. TAYLOR *v.* MULTNOMAH COUNTY
## ET AL.

(248 Pac. 167.)

Counties—A Primary Nominating Election is a "General Election" Within Statute Relating to Submission of Question of Issuing Road Bonds (§§ 3888, 3956, 4634, Or. L.).

Under Sections 3888, 3956, Or. L., a primary nominating election is "general election" within meaning of Section 4634 authorizing County Court of its own motion to submit question of issuing road bonds "at any general election."

See 9 R. C. L. 978.
Counties, 15 C. J., p. 617, n. 43, 45.

From Multnomah: JOHN H. STEVENSON, Judge.

In Banc.

Plaintiff, a taxpayer of Multnomah County, commenced this suit to restrain that county and its commissioners from issuing and selling permanent road construction bonds to the amount of $2,500,000, voted by the people of Multnomah County at the primary election held May 21, 1926.

The complaint sets forth that the defendants, assuming to act under authority of Section 4634, Or. L. (Section 10 of the Act of Feb. 25, 1913, found in Chapter 103, Gen. Laws of Or. 1913), which authorizes the County Court of its own motion to submit the question of issuing bonds for maintenance and construction of permanent roads "at any general election," passed an order for a special election to be held May 21, 1926, and to submit to the legal voters of Multnomah County at such election the question of issuing $2,500,000 bonds to provide for permanent road construction. The proposition was passed by an affirmative vote of 33,405 to 27,838.

After the election was held and the result obtained the commissioners then called for bids on a block of $750,000 of the bonds, which bids were opened on Monday, July 19, 1926. This case was filed on July 19, 1926, with the purpose of enjoining the sale of said bonds. Plaintiff avers that the election was called without authority of law, and the bonds are illegal because on May 21, 1926, no general election, but only a primary election, was held; that the defendants had advertised the bonds for sale and were about to issue and sell the same unless restrained, and an injunction was sought restraining this threatened action on the part of the defendants.

A demurrer to the complaint having been sustained by the Circuit Court, the plaintiff refused to plead further, and a decree was entered dismissing the complaint from which plaintiff has appealed.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Emmons, Lusk & Bynon,* with an oral argument by *Mr. Hall S. Lusk.*

For respondent there was a brief over the name of *Mr. Samuel H. Pierce,* Deputy District Attorney, with an oral argument by *Mr. Stanley Myers,* District Attorney.

BEAN, J.—The sole question involved is whether the primary election held on May 21, 1926, was a "general election" within the meaning of that phrase, as used in Section 4634, Or. L. If so, the decree of the lower court should be affirmed. If not, the bonds are not legally authorized and the decree should be reversed.

Section 4634, Or. L., is a part of the County Road Bonding Act, being Chapter XIII of Title XXX of the Code. In so far as pertinent to the question here, the section reads:

"The county court of its own motion may submit the question of issuing bonds for the purpose mentioned in section 4625 at any general election."

A primary nominating election was held throughout this state on May 21, 1926, pursuant to the mandate of Section 3956, Or. L., which reads:

"On the third Friday in May of the year 1920, and biennially thereafter, there shall be held in the several election precincts of the State of Oregon a general primary nominating election, at which shall be nominated or elected such United States, state, district, county, city, town and precinct officers as are to be elected or nominated at such general primary nominating election or general election of that year."

Section 3888, Or. L., provides:

"A general election shall be held in the several election precincts in this state on the first Tuesday after the first Monday in November 1920, and biennially thereafter, at which there shall be chosen as many of the following officers as are by law to be elected in such year, namely (enumerating the officers)":

A primary nominating election in Oregon is a general election. It is so designated by statute: Section 3956, Or. L. The board of county commissioners on its own motion has authority to submit to the voters of the county a proposition for the issuance of county bonds for permanent road construction at a special election called on the same date as that of the state general primary nominating election: Section 4634, Or. L., *Norton* v. *Coos County,*

113 Or. 618 (233 Pac. 864). The opinion in that case, written by Mr. Justice BURNETT, is direct authority for sustaining the position of the defendants in this suit and holding as regular the special bond election held on the same date as the General Primary Election.

In the Norton case it appeared that the Coos County Commissioners, acting on their own motion, submitted a proposition to issue bonds for permanent road construction at a special election, on the date of the 1924 General Primary Nominating Election. At that election the proposition was defeated.

In August of the same year, the commissioners, acting on petition in accordance with the County Road Bonding Act, again submitted the proposition of issuing bonds for permanent road construction, which was carried. The question then arose as to the validity of the second election under Section 4632, Or. L., which reads as follows: "Only one special election shall be held in any county in any one year."

Buttressed by cogent reasoning the decision of the court was to the effect, that the first election, held on the date of the general primary nominating election, was a legal and valid election, and therefore the second attempted election was a nullity contravening the provisions of Section 4634, Or. L. The latter section gives the board of directors authority to submit a county road bond proposition at "any general election."

The object of the provision for submitting the question of the issuance of road bonds to the electors of the county at a "general" election is in order that the electors of the county may attend the general election, and at the same time vote upon the issue

of bonds pursuant to the call for the special election to be held on the same date, and also to decrease the expense of the county for holding such special election.

A provision that only one special election shall be held in any county in any one year was enacted for the additional reason that where a bonding provision has been voted upon by the electors of a county, the matter shall be set at rest for the remainder of the calendar year. In case the bond proposition carries at the first election, the provision is a check or restriction upon the authority of the county to issue bonds.

The special bond election held in Multnomah County on May 21, 1926, was regular and valid.

The decree of the Circuit Court is therefore affirmed.                                    AFFIRMED.

RAND and COSHOW, JJ., took no part in the opinion.